■ NEUTER, LTD., Respondent, v CITIBANK, N. A., Appellant. [657 NYS2d 663] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered September 25, 1996, which denied defendant's motion to dismiss the complaint on the ground of forum non conveniens, reversed, on the law, without costs or disbursements, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff, a Cayman Islands corporation, commenced this action to recover losses in excess of $2.3 million arising out of five interest rate swaps transactions recommended to plaintiff by defendant. In our view, the IAS Court abused its discretion in denying defendant's motion for forum non conveniens dismissal. It is clear that this action has no substantial nexus with New York (*see, Silver v Great Am. Ins. Co.*, 29 NY2d 356, 361) and that, upon consideration of the relevant factors (*see, World Point Trading PTE. v Credito Italiano*, 225 AD2d 153, 158-159), defendant has met its burden of demonstrating that the action should be heard in Switzerland.

While defendant's headquarters are in New York, the trades were recommended by defendant's Zurich branch and executed in Switzerland. Although plaintiff's managing agent has a residence in New York, he maintains his primary residence in Australia. None of the other witnesses are New York residents. The action is governed by Swiss law, as to which expert testimony will be required. There is no dispute that an alternative forum is available; defendant has consented to the jurisdiction of the Swiss courts.

Plaintiff relies on the fact that contingent fee arrangements are not permitted under Swiss law and that the relevant documents would have to be translated into German. As to the former consideration, while we have cited the burden on a plaintiff of transfer to a jurisdiction barring contingency fees as a factor in favor of retention, this is not a case in which plaintiff would be handicapped by a lack of funds in prosecuting the action. (*Cf., Waterways Ltd. v Barclays Bank*, 174 AD2d 324.) Similarly, the need for translation of documents and, perhaps, a tape-recorded telephone conversation does not weigh in plaintiff's favor, since plaintiff concedes that the documents are not voluminous. In any event, this expense must be balanced against the expense which would be incurred by defendant in transporting witnesses and documents to New York. Concur—Sullivan, Milonas and Tom, JJ.

Murphy, P. J., dissents and would affirm for the reasons stated by Shainswit, J.