■ MILLICOM INTERNATIONAL CELLULAR S.A., Appellant, v WILLIAM E. SIMON et al., Respondents. [668 NYS2d 591] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered May 1, 1997, dismissing the complaint and bringing up for review an order of the same court and Justice, entered April 23, 1997, which granted defendant's motion to dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, with costs.

In this action which arose from a dispute relating to the control of a Philippine corporation, the motion court took into account the relevant factors in making its decision and correctly concluded that the balance is strongly in favor of defendants and warranted dismissal of the action (*see*, *Islamic Republic v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108). The single act in New York of disseminating a certain report, as part of an alleged worldwide "smear campaign", without more, is not a sufficient nexus to defeat this motion, where none of the parties are residents of New York, the crucial events underlying the action occurred in the Philippines, more than 64 witnesses to this dispute are located in the Philippines, there are presently 28 actions pending in the Philippines arising out of the same alleged "smear campaign" and the Philippines is a viable and far more convenient forum. Clearly, the undue burden that would be placed upon the New York courts if jurisdiction were to be retained would be entirely unjustified given the extremely tenuous nexus between the claim asserted and this forum, notwithstanding the allegation that such nexus was deliberately created by defendants. Concur—Milonas, J. P., Rosenberger, Ellerin and Tom, JJ.