■ SERANO LIMITED, Appellant, v CANADIAN IMPERIAL BANK OF COMMERCE, Respondent. [731 NYS2d 25] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered July 14, 2000, dismissing the action, unanimously affirmed, with costs.

Plaintiff alleges that defendant bank breached an International Swap Dealers Association Master Agreement. On appeal, defendant acknowledges that the action cannot be dismissed on the ground of res judicata by reason of the subsequent reversal of a Taiwanese judgment which had been rendered in its favor and upon which the IAS court had relied in dismissing plaintiff's action. However, the IAS court also indicated that because the action is virtually devoid of New York connections, it should be dismissed on the ground of forum non conveniens as well.

Plaintiff claims that certain persons associated with defendant, who reside and do business in either Taiwan or Hong Kong, were not authorized by plaintiff to negotiate and execute certain transactions under the Master Agreement on plaintiff's behalf. Plaintiff is a British Virgin Islands corporation whose sole shareholder and managing director resides in Taiwan. Defendant is a Canadian corporation with its principal place of business in Toronto. The Master Agreement that defendant allegedly breached is subject to English law, and the transactions in dispute were executed in Hong Kong by defendant's Hong Kong office.

The disputed transactions also constitute the subject matter of a pending action in Taiwan that defendant brought against plaintiff's shareholder based on the latter's guarantee of plaintiff's obligations under the Master Agreement. The trial level court in Taiwan ruled in defendant's favor. Although its decision was reversed for reasons that appear purely procedural, clearly Taiwan provides a more convenient forum to resolve plaintiff's claim (see, Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479, cert denied 469 US 1108). Specifically, the Taiwanese courts have already litigated the parties' claims, and there is virtually no connection between the parties and the subject matter to New York.

We are not persuaded otherwise by the fact that the money

necessary to fund the transactions was wired by plaintiff to defendant's New York branch, which had some kind of supervisory responsibility over defendant's international swap transactions and which allegedly confirmed several undisputed transactions between the parties (*see, A & M Exports v Meridien Intl. Bank*, 207 AD2d 741; *Neuter, Ltd. v Citibank*, 239 AD2d 213). Concur—Nardelli, J. P., Lerner, Rubin, Saxe and Marlow, JJ.