■ CREDITANSTALT INVESTMENT BANK AG et al., Respondents, v CHADBOURNE & PARKE LLP, Appellant. [788 NYS2d 104]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 14, 2004, which denied defendant's motion to dismiss the amended complaint on the ground of forum non conveniens, and order, same court and Justice, entered July 23, 2002, which granted defendant's motion to dismiss the amended complaint only to the extent of staying the matter for 90 days, unanimously affirmed, without costs.

Plaintiff Austrian investment bank and various affiliates allege that defendant law firm committed malpractice in rendering advice concerning the investment of client funds inside the

Russian Federation, under a program purportedly devised by some of the firm's attorneys. Defendant's substantial delay of nearly 20 months in asserting forum non conveniens is itself a reason for denial of the motion to dismiss (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Worley*, 257 AD2d 228, 232 [1999]). In any event, the motion court considered and balanced the various competing factors set forth in *Islamic Republic of Iran v Pahlavi* (62 NY2d 474 [1984], *cert denied* 469 US 1108 [1985]), properly concluding that defendant did not satisfy its heavy burden of demonstrating New York is not a convenient forum for this action (*see Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 175-176 [2004]).

The court appropriately declined to dismiss or indefinitely stay this matter pending completion of the Russian legal proceedings, since plaintiffs allege damages that have already been incurred and do not premise their lawsuit on damages dependent on the outcome of some yet-to-be-completed proceeding (*see Proskauer Rose Goetz & Mendelsohn v Munao*, 270 AD2d 150 [2000]). Moreover, it is well settled that a legal malpractice claim accrues when all the facts necessary to the cause have occurred and the injured party can obtain relief in court (*see McCoy v Feinman*, 99 NY2d 295, 301 [2002]). The Court of Appeals has rejected the suggestion that the accrual of a malpractice claim is dependent on the conclusion of an underlying proceeding outside the jurisdiction (*Ackerman v Price Waterhouse*, 84 NY2d 535, 541-542 [1994]).

We have considered defendant's other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Andrias, Marlow and Ellerin, JJ. [*See* 4 Misc 3d 481.]