■ WYSER-PRATTE MANAGEMENT CO., INC., Appellant, v BABCOCK BORSIG AG. et al., Defendants, and KLAUS LEDERER et al., Respondents. [808 NYS2d 3]—

Order and judgment, Supreme Court, New York County (Charles Edward Ramos, J.), entered July 12, 2004 and October 26, 2004, respectively, granting defendants' motions to dismiss, on the ground of forum non conveniens, and dismissing the complaint, unanimously modified, on the law, to vacate the forum non conveniens dismissals as against defendants TUI AG. (TUI) and PwC Deutsche Revision AG. (PwC), and instead to grant that branch of their motions seeking dismissal of the complaint for lack of personal jurisdiction, and to dismiss the complaint as against them on that ground, and otherwise affirmed, with separate bills of costs in favor of defendants, payable by plaintiff.

The motion court incorrectly dismissed the complaint as against defendants TUI and PwC on forum non conveniens grounds without first adjudicating their jurisdictional defenses (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]; *Edelman v Taittinger, S.A.*, 298 AD2d 301 [2002]; *Matter of Obregon*, 230 AD2d 47 [1997], *affd* 91 NY2d 591 [1998]). Indeed, considering the defenses of those defendants in the proper sequence discloses that the court had no jurisdiction over TUI and PwC and, accordingly, was without power to issue a binding forum non conveniens ruling as to them. Neither defendant is a New York resident, nor does either maintain any presence here. Furthermore, the complaint furnishes no ground to support an assertion of long-arm jurisdiction over them, because its allegations are not

sufficient to support an inference that either defendant purposefully availed itself of the privilege of conducting commercial activities in New York so as to render itself liable to suit here (*see World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 297 [1980]). While plaintiff purports to allege that these defendants conspired to perpetrate a fraud either through agents within New York (see CPLR 302 [a] [2]) or by causing injury in New York (CPLR 302 [a] [3]), plaintiff's allegations of conspiracy and agency are wholly inadequate to set forth the requisite jurisdictional predicate.

The forum non conveniens dismissal was correct as to the remaining defendants. The motion court properly exercised its discretion taking into account the relevant factors in rendering that portion of its decision, and we perceive no reason to disturb its conclusion that it would be in the interest of substantial justice for the action to be litigated in a different forum (*see Islamic Republic of Iran*, 62 NY2d at 479; *cf. Phat Tan Nguyen v Banque Indosuez*, 19 AD3d 292, 294 [2005]). Although plaintiff New York resident's choice of forum is presumptively favored, it is not dispositive (*see* CPLR 327 [a]). The fact that five of the nine defendants are German residents is entitled to, and was properly accorded, substantial weight (*see Holness v Maritime Overseas Corp.*, 251 AD2d 220, 224 [1998]; *Blueye Nav. v Den Norske Bank*, 239 AD2d 192 [1997]), as is the circumstance that the strong foreign nexus of this action is largely attributable to plaintiff's sophisticated business dealings abroad (*see e.g. Sussman v Bank of Israel*, 801 F Supp 1068, 1073 [SD NY 1992], *affd* 990 F2d 71 [2d Cir 1993]; *and see Base Metal Trading SA v Russian Aluminum*, 253 F Supp 2d 681 [SD NY 2003], *affd* 98 Fed Appx 47 [2d Cir 2004]; *CCS Intl., Ltd. v ECI Telesystems, Ltd.*, 1998 WL 512951, *6-7, 1998 US Dist LEXIS 12755, *20 [SD NY, Aug. 18, 1998]).

Plaintiff's insistence that Germany is not an "adequate alternative forum" is unpersuasive, particularly since the motion court permitted it to renew the action as against any defendant not amenable to jurisdiction in Germany. In any event, although federal courts require an alternative forum for a forum non conveniens dismissal, New York courts do not where the New York connection to the litigation is minimal (*see Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 179 [2004]). Nor is there merit to plaintiff's contention that it will not be afforded adequate process in the German courts (*see Dresdner Bank AG v Haque*, 161 F Supp 2d 259, 263 [SD NY 2001]; *NCA Holding Corp. v Norddeutsche Landesbank Girozentrale*, 1999 WL 39539, *2, 1999 US Dist LEXIS 817, *5 [SD NY, Jan. 28,

1999]; *see also Borden, Inc. v Meiji Milk Prods. Co., Ltd.*, 919 F2d 822, 829 [2d Cir 1990]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.