■ FINANCE AND TRADING LIMITED et al., Appellants, v RHODIA S.A. et al., Respondents. [816 NYS2d 7]—

Orders, Supreme Court, New York County (Herman Cahn, J.), entered April 21, 2005, which granted defendants' motions to dismiss the complaint on grounds of forum non conveniens, unanimously affirmed, with costs.

This is an action by foreign plaintiffs against foreign defendants, most of whom are French, alleging fraudulent inducement to purchase shares of defendant Rhodia's stock on the Paris Stock Exchange. The motion court correctly found that New York's nexus to the matter, based on alleged meetings at a New York City hotel between defendants Tirouflet and the principal of plaintiff Finance and Trading Limited, failed to rise to a "substantial" level (*see Phat Tan Nguyen v Banque Indosuez*, 19 AD3d 292 [2005], *lv denied* 6 NY3d 703 [2006]). Given that Tirouflet's representations are false only in light of

the allegedly fraudulent scheme to boost Rhodia's value, the purported meetings do not suffice to create a substantial nexus with New York in that the underlying transaction occurred primarily in a foreign jurisdiction (*see Wyser-Pratte Mgt. Co., Inc. v Babcock Borsig AG.*, 23 AD3d 269 [2005]; *Millicom Intl. Cellular v Simon*, 247 AD2d 223 [1998]).

Further, the litigation pending in France, as well as the securities and criminal investigations there, which predate this action, will address the underlying facts, including the alleged fraudulent disclosures (*see World Point Trading PTE. v Credito Italiano*, 225 AD2d 153 [1996]). The majority of the relevant documents and witnesses would be French (*see Neuter, Ltd. v Citibank*, 239 AD2d 213 [1997]), and plaintiffs have failed to establish that France, which clearly has an interest in regulating stock offerings of French companies on the Paris stock market, was not a suitable alternative forum. In any event, New York courts do not require an alternative forum for a dismissal under CPLR 327, where the New York connection to the litigation is minimal (*Wyser-Pratte·Mgt. Co.*, 23 AD3d at 270).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.