KUWAITI ENGINEERING GROUP, Appellant, v CONSORTIUM OF INTERNATIONAL CONSULTANTS, LLC, Defendant, and SAFEGE CONSULTING ENGINEERS, Respondent. [856 NYS2d 101]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 19, 2007, which granted the motion of defendant Safege Consulting Engineers (Safege) to dismiss the complaint on forum non conveniens grounds, unanimously modified, on the law and the facts, to the extent of conditioning the order of dismissal upon defendants' consent to jurisdiction of the courts of Kuwait and France, and otherwise affirmed, with costs in favor of defendants, payable by plaintiff.

Dismissal of the complaint on forum non conveniens grounds (CPLR 327 [a]) was a provident exercise of discretion in this action where plaintiff, a Kuwaiti corporation, seeks to enforce a contract as a third-party beneficiary, and alleges, inter alia, tortious interference with its contract rights to act as agent for defendants in performing environmental consulting work in Kuwait. The motion court balanced the appropriate factors, including that defendant Consortium of International Consultants, LLC (CIC) is a Delaware limited liability company headquartered in Virginia, and Safege is a French corporation. The consulting work agreements at issue involved work to be wholly performed in Kuwait, and were negotiated, only in part, in New York, and were otherwise completed and executed outside New York. The conduct underlying the alleged interference with contractual rights occurred outside New York, and as

agent to the consulting firms, plaintiff was obligated to obtain non-American, non-European union workers to assist the engineers in performing their work in Kuwait. Furthermore, the courts of either Kuwait or France provide viable alternative forums. Under these circumstances, we find that Safege met its heavy burden to establish that New York was an inconvenient forum (*see e.g. Creditanstalt Inv. Bank AG v Chadbourne & Parke LLP*, 14 AD3d 414, 415 [2005]), and that a substantial nexus between New York and this action was lacking (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474 [1984], *cert denied* 469 US 1108 [1985]; *Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171 [2004]).

Although we agree with the motion court's dismissal of this action, we do not find plaintiff's appeal to be frivolous within the meaning of 22 NYCRR 130-1.1 (c). Accordingly, Safege's request for sanctions is denied (*cf. Timoney v Newmark & Co. Real Estate*, 299 AD2d 201, 201-202 [2002], *lv dismissed* 99 NY2d 610 [2003]). Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ. [*See* 2007 NY Slip Op 30676(U).]