■ LAURENT ADAMOWICZ, Appellant, v PIERRE BESNAINOU et al., Defendants, and FAUCHON, INC. (US), et al., Respondents. [872 NYS2d 47]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 10, 2007, which granted the motion of defendants Fauchon Holding, SAS, Fauchon SAS, Groupe Fauchon, S.A., and Waldo S.A. to dismiss the complaint as against them for lack of personal jurisdiction and on the ground of forum non conveniens, and granted the motion to dismiss the complaint as against defendant Fauchon, Inc. (US) on the ground of forum non conveniens on condition that defendants make themselves amenable to service of process in France and waive any statute of limitations defenses, unanimously affirmed, with costs.

While reflecting the occasional visit to New York by representatives of some of the foreign corporate defendants, the record does not show that "the corporation[s] [are] present in the State not occasionally or casually, but with a fair measure of permanence and continuity," and therefore are subject to in personam jurisdiction in this State (see Landoil Resources Corp. v Alexander & Alexander Servs., 77 NY2d 28, 34 [1990] [internal quotation marks and citation omitted]).

In any event, the complaint was properly dismissed on the

ground of forum non conveniens (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 482 [1984], *cert denied* 469 US 1108 [1985]; *Kuwaiti Eng'g Group v Consortium of Intl. Consultants, LLC*, 50 AD3d 599 [2008]; *and see Adamowicz v Barclays Private Equity France S.A.S.*, 2006 WL 728394, 2006 US Dist LEXIS 11675 [SD NY 2006]). While one of the corporate defendants (Fauchon US) is present in New York, and plaintiff, a permanent resident of the United States, may have been in the United States when he engaged in certain negotiations with defendant Besnainou, all the corporate and individual defendants other than Fauchon US, plus the minority investors, are located in France or other European countries. Plaintiff has failed to identify a single witness other than himself who might be present in this country. The loan agreement alleged to have been breached was written in French, was executed in France, was to be performed in France, and was allegedly breached in France. Plaintiff allegedly was compelled to sell his shares in the defendant corporations as a result of the choices presented to him by a French receiver acting under French law, and all the relevant documentary evidence is located in France or in other European countries. Concur—Saxe, J.P., Gonzalez, Sweeny, Renwick and DeGrasse, JJ.