■ VIKING GLOBAL EQUITIES, LP, et al., Respondents, v PORSCHE AUTOMOBIL HOLDING SE, Formerly Known as DR. ING. H.C.F. PORSCHE AG, Appellant. GLENHILL CAPITAL LP et al., Respondents, v PORSCHE AUTOMOBIL HOLDING SE, Formerly Known as DR. ING. H.C.F. PORSCHE AG, Appellant. [958 NYS2d 35]—

In these consolidated actions for fraud and unjust enrichment, plaintiff hedge funds allege that they sustained losses as a result of misrepresentations made by defendant relating to its intention to acquire shares in nonparty Volkswagen AG (VW). Plaintiffs allege that they were fraudulently induced into making short sales in VW stock in reliance on defendant's public and private assurances that it had no present intention to acquire a 75% stake in VW, and that when defendant unveiled its takeover plan, it triggered a "short squeeze" that spiked prices and forced plaintiffs to cover their positions at losses of more than a billion dollars.

With respect to the motion to dismiss the action on the ground of forum non conveniens, the only alleged connections between the action and New York are the phone calls between plaintiffs in New York and a representative of defendant in Germany, and the emails sent to plaintiffs in New York but generally disseminated to parties elsewhere, which allegedly contained misrepresentations of defendant's intent to acquire a 75% stake in VW. We find that these connections failed to create a substantial nexus with New York, given that the events of the underlying transaction otherwise occurred entirely in a foreign jurisdiction (*see Finance & Trading Ltd. v Rhodia S.A.,* 28 AD3d 346 [1st Dept 2006], *lv denied* 7 NY3d 706 [2006]). In light of this inadequate connection between the events of the transaction and New York, as well as the facts that defendant and most plaintiffs are not New York residents, the VW stock is traded only on foreign exchanges, many of the witnesses and documents are located in Germany, which has stated its interest in the underlying events and provides an adequate alternative forum, Porsche met its heavy burden to establish that New York was an inconvenient forum (*see Kuwaiti Eng'g Group v Consortium of Intl. Consultants, LLC,* 50 AD3d 599, 599-600 [1st Dept 2008]).

In light of the foregoing, we need not address Porsche's alternative arguments. Concur—Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.

Motion to file amici curiae brief granted.