■ BLUEWATERS COMMUNICATIONS HOLDINGS, LLC, Appellant, v BERNARD ECCLESTONE et al., Respondents, et al., Defendant. [996 NYS2d 232]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 21, 2014, which granted defendants-respondents' motions to dismiss the complaint as against them, unanimously affirmed, with costs.

New York courts do not have jurisdiction over defendants Bernard Ecclestone (an Englishman), Alpha Prema UK Ltd. (an English company), and Alpha Topco Ltd., Delta Topco Ltd., and Bambino Holdings, Ltd. (Jersey [Channel Islands] companies) (the personal jurisdiction defendants) pursuant to CPLR 302 (a) (1), (2) or (3) (ii).

Plaintiff maintains that the personal jurisdiction defendants committed a tort outside the state that caused injury within the state (*see* CPLR 302 [a] [3] [ii]), i.e., its loss of New York-based customers, nonparties Apollo Management, L.P. and King Street Capital Management, L.L.C. However, the complaint does not refer to Apollo and King Street as plaintiff's customers; rather,

it refers to them as plaintiff's financiers. Contrary to plaintiff's argument, the complaint does not allege tortious interference with plaintiff's economic relations with Apollo and King Street.

In any event, the event that gave rise to the injury did not occur in New York (*see CRT Invs., Ltd. v BDO Seidman, LLP*, 85 AD3d 470, 471-472 [1st Dept 2011]). That event occurred when Ecclestone persuaded defendant Gerhard Gribkowsky (a German), via the promise of money, to steer the sale by defendant Bayerische Landesbank Anstalt des Öffentlichen Rechts (BLB) (a German bank) of its shares of nonparty Speed Investments Limited (a Jersey company) to defendant CVC Capital Partners Ltd. (an English company) instead of plaintiff's predecessor in interest (a Jersey company with offices in Jersey and London).

Plaintiff argues that the personal jurisdiction defendants are subject to New York jurisdiction because they conspired with CVC, which transacted business in the state (*see* CPLR 302 [a] [1]) by buying the Speed shares owned by nonparty Lehman Commercial Paper, Inc., which had an office in New York. However, plaintiff does not meet the requirements for establishing conspiracy jurisdiction (*see e.g. Lawati v Montague Morgan Slade Ltd.*, 102 AD3d 427 [1st Dept 2013]). For example, CVC's purchase of Lehman's Speed shares was not a tort, and the complaint does not allege that CVC bought those shares at the direction, under the control, at the request, or on behalf of the personal jurisdiction defendants. "[T]he mere conclusory claim that an activity is a conspiracy does not make it so" (*Pramer S.C.A. v Abaplus Intl. Corp.*, 76 AD3d 89, 97 [1st Dept 2010]; *see also e.g. Wyser-Pratte Mgt. Co., Inc. v Babcock Borsig AG.*, 23 AD3d 269, 270 [1st Dept 2005]).

Plaintiff alleges that Ecclestone and Bambino bribed Gribkowsky in U.S. dollars and that the payments went from nonparties First Bridge Holding Limited (a Mauritius company) and Lewington Invest Limited (a British Virgin Islands company) to nonparty GG Consulting (an Austrian company). Plaintiff contends that, because the payments were made in U.S. dollars, they must have gone through New York banks (*see Banque Worms v BankAmerica Intl.*, 77 NY2d 362, 370 [1991]; *Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co.*, 23 NY3d 129, 137 [2014]). However, Ecclestone's and Bambino's indirect use of the New York banking system does not constitute the transaction of business in New York pursuant to CPLR 302 (a) (1) (*see Pramer*, 76 AD3d at 96-97; *see also Magwitch, L.L.C. v Pusser's Inc.*, 84 AD3d 529 [1st Dept 2011], *lv denied* 18 NY3d 803 [2012]). Nor does it constitute the commission of a tort within New York pursuant to CPLR 302 (a) (2). Unlike the

third-party defendants in *Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Brothers Co.* (2010 NY Slip Op 33909[U], \*12 [Sup Ct, NY County 2010], *revd on other grounds* 101 AD3d 1 [1st Dept 2012], *revd on other grounds* 23 NY3d 129 [2014]), Ecclestone and Bambino—the alleged payors of the bribe—did not fraudulently gain funds for their own benefit. Nor does *American BankNote Corp. v Daniele* (45 AD3d 338 [1st Dept 2007]) avail plaintiff with respect to its CPLR 302 (a) (2) argument, since that case dealt with jurisdictional discovery and involved a greater connection to the New York metropolitan area than the instant action.

The motion court properly dismissed this action on the ground of forum non conveniens (*see e.g. Ghose v CNA Reins. Co. Ltd.*, 43 AD3d 656 [1st Dept 2007], *lv denied* 10 NY3d 712 [2008]). As indicated, this case stems from the failure of a Jersey company (with offices in Jersey and London) to acquire the shares of another Jersey company from a German bank, allegedly because an Englishman bribed a German. The cause of action "lack[s] a substantial nexus with New York" (*Martin v Mieth*, 35 NY2d 414, 418 [1974]). All the defendants are foreign (*see Wyser-Pratte*, 23 AD3d at 270; *see also Adamowicz v Besnainou*, 58 AD3d 546, 547 [1st Dept 2009]). Germany has already tried and convicted Gribkowsky. Germany has an interest in how BLB—a German bank—was run (*see Phat Tan Nguyen v Banque Indosuez*, 19 AD3d 292, 295 [1st Dept 2005], *lv denied* 6 NY3d 703 [2006]; *Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 178 [1st Dept 2004]). By contrast, New York's interest is minimal (*see Mashreqbank*, 23 NY3d at 137-138). Germany, England, and Jersey are all available alternative fora (*see e.g. Sears Tooth v Georgiou*, 69 AD3d 464 [1st Dept 2010] [England]; *Wyser-Pratte*, 23 AD3d at 270 [Germany]; *Chawafaty v Chase Manhattan Bank*, 288 AD2d 58 [1st Dept 2001] [Jersey], *lv denied* 98 NY2d 607 [2002]). Concur—Sweeny, J.P., Andrias, Saxe, Richter and Feinman, JJ. **[Prior Case History: 2014 NY Slip Op 30123(U).]**