JTS Trading Ltd. v Asesores (2019 NY Slip Op 08935)





JTS Trading Ltd. v Asesores


2019 NY Slip Op 08935


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


653239/15 10552A 10552

[*1] JTS Trading Limited, Plaintiff-Appellant,
v
Afin Asesores, et al., Defendants-Respondents.


Garvey Schubert Barer, P.C., New York (Andrew J. Goodman of counsel), for appellant.
Willkie Farr & Gallagher LLP, New York (Jeffrey B. Korn of counsel), for respondents.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 4, 2018, dismissing the complaint, pursuant to an order, same court and Justice, entered September 25, 2018, which granted defendants' motion to dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In determining whether an action should be dismissed for forum non conveniens, plaintiff's choice of forum is entitled to strong deference (Islamic Republic of Iran v Pahlavi, 62 NY2d 474 [1984], cert denied 469 US 1108 [1985]). Among the factors to consider are the residence of the parties, the location of evidence and witnesses, the burden on the New York courts, where the transaction giving rise to the cause of action took place, the applicability of foreign law, and the connection of the action with New York (see id. at 479).
Here, the parties are from Hong Kong and Mexico. The agreement allegedly breached was executed in Mexico, is governed by Mexican law, and was allegedly breached in Mexico. Only a single, peripheral witness is present in New York. Accordingly, despite some initial contacts with one defendant's New York representative, the action was properly dismissed (see e.g. Kuwaiti Eng'g Group v Consortium of Intl. Consultants, LLC, 50 AD3d 599 [1st Dept 2008]; compare American BankNote Corp. v Daniele, 45 AD3d 338, 339 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK