BSR Fund, S.A. v Jagannath (2021 NY Slip Op 07061)





BSR Fund, S.A. v Jagannath


2021 NY Slip Op 07061


Decided on December 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 16, 2021

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Index No. 650832/19 Appeal No. 14880 Case No. 2020-02779 

[*1]BSR Fund, S.A. et al., Plaintiffs-Appellants,
v
Diwakar Jagannath, Defendant, Ikon Global Holding Company, LLC, et al., Defendants-Respondents.


Coburn & Greenbaum PLLC, New York (Jonathan W. Greenbaum of counsel), for appellants.
Zeiler Floyd Zadkovich (US) LLP, New York (Edward W. Floyd of counsel), for Ikon Global Holding Company, LLC, Ikon Global Markets, Inc., FTechnics, Inc., Ikon Europe, Ltd., Ikon Finance, Ltd. and Ikon Atlantic, Ltd., respondents.
Lennon Murphy & Phillips LLC, New York (Patrick F. Lennon of counsel), for Ioannis Litinas, respondent.



Order, Supreme Court, New York County (Joel M. Cohen), entered March 17, 2020, which granted defendants' motions to dismiss the first amended complaint on forum non conveniens grounds, unanimously affirmed, with costs.
The motion court properly concluded that there was no substantial nexus between New York and plaintiffs' action (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-480 [1984], cert denied 469 US 1108 [1985]; Shin-Etsu Chem. Co., Ltd. v 3033 ICICI Bank Ltd., 9 AD3d 171, 176 [1st Dept 2004]). The dispute is primarily among those defendants and plaintiffs who reside in Greece, the fraud originated in Greece, plaintiffs entered into a subscription agreement with a corporation based in the British Virgin Islands and controlled by the Greek defendants, and plaintiffs' funds were allegedly improperly transferred primarily through accounts in Chicago, London, and elsewhere. Thus, "although there are some witnesses and evidence in New York, and one defendant is a New York resident, the court properly determined that New York is an inconvenient forum for this action" (Fernie v Wincrest Capital, Ltd., 177 AD3d 531, 532 [1st Dept 2019], lv denied 35 NY3d 907 [2020]; Wyser-Pratte Mgt. Co., Inc. v Babcock Borsig AG, 23 AD3d 269, 270 [1st Dept 2005]).
That defendant Diwakar Jagannath prepared a letter in New York or possibly New Jersey, at the request of defendant George Daskaleas in Greece, and sent it to nonparty Grant Thornton in Greece, does not overcome the other factors favoring dismissal (Viking Global Equities, LP v Porsche Automobil Holding SE, 101 AD3d 640, 641 [1st Dept 2012]), nor does the existence of lawsuits commenced in New York by a few defendants with New York offices.
Furthermore, Supreme Court properly granted the motion to dismiss as to all defendants based upon the motion of defendant Ioannis Litinas, who was central to the alleged fraud. If the action were allowed to continue against defendants other than Litinas, he still would be compelled to participate and address the allegations against him, the resolution of which are necessary to disposition of the action. The factors that favor dismissal of the complaint as against Litinas also favor dismissal against the other defendants.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2021