HH Trinity Apex Invs. LLC v Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P. (2022 NY Slip Op 06321)

HH Trinity Apex Invs. LLC v Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P.

2022 NY Slip Op 06321

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 156013/20 Appeal No. 16620-16620A Case No. 2021-02730, 2022-00249 

[*1]HH Trinity Apex Investments LLC et al., Plaintiffs-Appellants,
v
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., et al., Defendants-Respondents. 

Kagen Caspersen & Bogart PLLC, New York (Stuart Kagen of counsel), for appellants.
Rivkin Radler LLP, Uniondale (Evan Krinick of counsel), for Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P. and Lacy Reaves, respondents.
Conway, Donovan & Manley, PLLC, Albany (Ryan T. Donovan of counsel), for Charlotte Mitchell, respondent.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 12, 2021, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 25, 2021, which granted defendants' motions to dismiss for lack of personal jurisdiction, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court correctly determined that plaintiffs failed to make a prima facie showing of personal jurisdiction over the out-of-state defendants (see Copp v Ramirez, 62 AD3d 23 [1st Dept 2009], lv denied, 12 NY3d 711 [2009]). Plaintiffs contend that defendants, their former North Carolina lawyers, are subject to New York jurisdiction because they conspired with plaintiffs' former business partner, nonparty C. Thomas Hendrickson, whose conduct, they claim, meets the requirements of CPLR 302(a)(1), (2), and (3) (e.g. Bluewaters Communications Holdings, LLC v Ecclestone, 122 AD3d 426 [1st Dept 2014]). However, plaintiffs did not adequately allege facts to support conspiracy jurisdiction under any of these CPLR 302(a) subsections.
Plaintiffs' arguments in support of CPLR 302(a)(1) jurisdiction are unavailing, as they do not show that Hendrickson transacted the requisite business within the state or contracted anywhere to supply goods or services in the state. Plaintiffs cite Hendrickson's communications and meetings with them in New York, that he sent drafts of a sustainable development plan to them here for review, that he negotiated contracts with them in New York, and that he received payments they sent to him from New York. However, these activities do not provide a jurisdictional foundation, as plaintiffs do not articulate the requisite nexus between these activities and their claims (see McGowan v Smith, 52 NY2d 268, 272-273 [1981]).
Nor do plaintiffs show any reason to revisit the court's determination that the alleged acts from which their claims do arise — the surreptitious drafting and inclusion of a "lock-in" provision, certain lobbying activities, and other alleged interference with plaintiffs' efforts to remove Hendrickson and his entity from the position of "responsible person" — did not occur in New York, but in North Carolina, and thus cannot support conspiracy jurisdiction grounded in CPLR 302(a)(2) (see Best Cellars Inc. v Grape Finds at Dupont, Inc., 90 F Supp2d 431, 445 [SD NY 2000]). To the extent plaintiffs rely on Hendrickson's alleged extortion of them in New York to support conspiracy jurisdiction, this too is unavailing, as plaintiffs fail to allege any facts to show that defendants benefitted from this alleged financial extortion on Hendrickson's part (see Lawati v Montague Morgan Slade Ltd., 102 AD3d 427, 428 [1st Dept 2013]).
Plaintiffs' reliance on the alleged extortion as a basis for CPLR 302(a)(3) jurisdiction is also misplaced, because their having felt economic injury in New York, alone, is insufficient to confer jurisdiction under [*2]that subsection. "[T]he situs of commercial injury is where the original critical events associated with the action or dispute took place, not where any financial loss or damages occurred" (USA Sevens LLC v World Rugby Ltd, 191 AD3d 620-621 [1st Dept 2021][internal quotation marks omitted]). The original critical events here are actions allegedly taken by Hendrickson, with defendants' assistance, to entrench himself and his entities as the responsible person since, without having done so, there could have been no basis for the attempted extortion. As those events took place in North Carolina, plaintiffs do not show jurisdiction under this subsection.
We have considered plaintiffs' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022