Lash v TDR Capital LLP (2025 NY Slip Op 06282)

Lash v TDR Capital LLP

2025 NY Slip Op 06282

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 655935/23|Appeal No. 5200-5201-5202|Case No. 2025-00362, 2025-03587, 2025-03588|

[*1]Brian S. Lash et al., Plaintiffs-Respondents-Appellants,
v
TDR Capital LLP et al., Defendants-Appellants-Respondents.

Kirkland & Ellis LLP, New York (Jordan D. Peterson of counsel), for appellants-respondents.
Wollmuth Maher & Deutsch LLP, New York (Joshua M. Slocum of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Anar Rathod Patel, J.), entered May 1, 2025, which denied defendants' motion to dismiss the amended complaint, unanimously reversed, on the law without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Appeals from orders, same court and Justice, entered December 11, 2024 and on or about May 23, 2025, which granted defendants' motion to dismiss the complaint and denied defendants' motion to stay discovery, respectively, unanimously dismissed, without costs, as abandoned.
The motion court should have dismissed this action pursuant to the doctrine of forum non conveniens. Although 4 of the 12 plaintiffs are New York residents, the rest are residents of other states, both defendants are foreign entities; and virtually all relevant events occurred in Luxembourg or the United Kingdom — notwithstanding that defendants were represented by New York-based attorneys (see CK's Supermarket Ltd. v Peak Entertainment Holdings, Inc., 37 AD3d 348, 348-349 [1st Dept 2007]), that some very limited amount of negotiations took place in New York (see Kuwaiti Eng'g Group v Consortium of Intl. Consultants, LLC, 50 AD3d 599, 599 [1st Dept 2008]; Finance & Trading Ltd. v Rhodia S.A., 28 AD3d 346, 346-347 [1st Dept 2006], lv denied 7 NY3d 706 [2006]), or that defendants used New York financial institutions for one transaction (see Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co., 23 NY3d 129, 137 [2014]). Luxembourg is an adequate alternative forum with a substantial interest in adjudicating this dispute involving Luxembourg companies. Moreover, Luxembourg law governs six out of plaintiff's nine causes of action and the import of the relevant Luxembourg law is heavily contested.
Plaintiffs have not sufficiently alleged that defendants were alter egos of nonparty Williams Scotsman International, Inc. such that the forum selection clause in the Equity Purchase Agreement (selecting New York) should bind them notwithstanding that they were not signatories to that agreement (see generally Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d 401, 401 [1st Dept 2012]).
In any event, this action should be dismissed for lack of personal jurisdiction over the defendant United Kingdom entities (see CPLR 302[a][1]; D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 297-299 [2017]). Defendants' in-state conduct was very limited (see Presidential Realty Corp. v Michael Sq. W., 44 NY2d 672, 673-674 [1978]; C-Life Group Ltd. v Generra Co., 235 AD2d 267, 267 [1st Dept 1997]), and much of it lacked an articulable nexus to plaintiffs' claims (see Brandt v Toraby, 273 AD2d 429, 430-431 [2d Dept 2000]).
In view of our disposition of these issues, we need not reach the parties' arguments with respect to the application of the contractual releases or the sufficiency of the allegations of each claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025