Cattan v Rohner

2026 NY Slip Op 03264

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ezra Cattan, Derivatively on Behalf of Credit Suisse Group AG, Plaintiff-Appellant,

v

Urs Rohner et al., Defendants-Respondents.

Decided and Entered: May 26, 2026

Index No. 652468/20|Appeal No. 6721-6722|Case No. 2023-05695 2023-05719|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Bathaee Dunne LLP, New York (Andrew Chan Wolinsky of counsel), for appellant.

Cahill Gordon & Reindel LLP, New York (Jason M. Hall of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 10, 2023, which granted the motion of defendants Michael Klein, Timothy P. O'Hara, Robert S. Shafir, Pamela A. Thomas-Graham, Sean T. Brady, Robert Jain, Philip Vasan, Credit Suisse Group AG (Credit Suisse), Credit Suisse AG, Credit Suisse (USA), Inc., and Credit Suisse Holdings (USA), Inc., to dismiss the amended complaint as against them based on the doctrine of forum non conveniens, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about March 30, 2022, which denied plaintiff's motions to file sur-reply papers in connection with the motion to dismiss, unanimously dismissed, without costs, as abandoned.

Plaintiff failed to preserve his argument that the action fell within the exception to forum non conveniens provided for by CPLR 327(b) (see Nurlybayev v SmileDirectClub, Inc., 205 AD3d 455, 457 [1st Dept 2022]). Plaintiff first attempted to present this new legal argument to the court in a motion for leave to file a sur-reply, which the court properly denied and refused to consider (and which decision plaintiff does not challenge on this appeal) (see CPLR 2214 [c]; Tran Han Ho v Brackley, 69 AD3d 533, 534 [1st Dept 2010], lv denied 15 NY3d 707 [2010]). To the extent the argument is reviewable on this record, it is unavailing since plaintiff's Swiss law breach of duties claims do not "arise out of or relate[] to" any agreement governed by New York State law (CPLR 327[b]).

The motion court providently exercised its discretion in weighing the relevant factors and dismissing the complaint as against defendants on forum non conveniens grounds (see CPLR 327[a]; Haussmann v Baumann, 44 NY3d 1007, 1008 [2025]; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]; Peters v Peters, 101 AD3d 403, 403 [1st Dept 2012]). Although plaintiff undisputedly resides in New York and wishes to pursue litigation here, he brings his derivative claims on behalf of a Swiss company, with its principal place of business in Switzerland (see Bader & Bader v Ford, 66 AD2d 642, 647 [1st Dept 1979], appeal dismissed 48 NY2d 649 [1979]), and most of the individual defendants reside outside of New York (see Wyser-Pratte Mgt. Co., Inc. v Babcock Borsig AG., 23 AD3d 269, 270 [1st Dept 2005]).

[*2]

Further, plaintiff's causes of action lack a substantial nexus with New York (see Hanwha Life Ins. v UBS AG, 127 AD3d 618, 619 [1st Dept 2015], lv denied 26 NY3d 912 [2015]) and the alleged economic injuries to Credit Suisse occurred in Switzerland (see Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 529 [1999]). Plaintiff alleged that the individual defendants breached their duties under Swiss law and engaged in acts and omissions detrimental to the company "at corporate headquarters in Switzerland," and the purported ramifications were allegedly felt all over the world, not solely or even primarily in New York (see Bluewaters Communications Holdings, LLC v Ecclestone, 122 AD3d 426, 428 [1st Dept 2014]; see also Stevenson v Thornburgh, 2024 WL 645187, *23, *27, 2024 US Dist LEXIS 26313, *69, *82 [SD NY, Feb. 14, 2024, 23 CIV 4458 (CM), 23 CIV 4813 (CM), affd — F3d —, 2026 WL 276584, 2026 US App LEXIS 3356 [2d Cir, Feb. 3, 2026]). Moreover, Switzerland has the primary interest in overseeing and regulating the operations of a Swiss bank and determining whether the directors met their obligations under Swiss law (see Primus Pac. Partners 1, LP v Goldman Sachs Group, Inc., 175 AD3d 401, 402 [1st Dept 2019]).

Litigating this action in New York would also likely impose substantial burdens on both defendants and nonparty witnesses, as many key witnesses are high-ranking former and current Credit Suisse directors and executives who live in Switzerland, and most of the documentary evidence related to corporate governance is in Switzerland (see Estate of Kainer v UBS AG, 175 AD3d 403, 405 [1st Dept 2019], affd 37 NY3d 460, 467-468 [2021]; Finance & Trading Ltd. v Rhodia S.A., 28 AD3d 346, 347 [1st Dept 2006], lv denied 7 NY3d 706 [2006]). Although New York courts are "frequently called upon to apply the laws of foreign jurisdictions" (Intertec Contr. A/S v Turner Steiner Intl., S.A., 6 AD3d 1, 6 [1st Dept 2004]), the complex, contested issues of substantive Swiss law presented in this case weigh in favor of dismissal (see Lash v TDR Capital LLP, 243 AD3d 479, 480 [1st Dept 2025]). Moreover, plaintiff did not demonstrate that Switzerland is an inadequate alternative forum (see Swissgem S.A. v M&B Ltd., 193 AD3d 472, 472-73 [1st Dept 2021]).

Finally, this Court's decision in Employees Retirement Sys. for the City of Providence v Rohner (224 AD3d 439 [1st Dept 2024]) does not support plaintiff's position. There, unlike here, the moving defendants were all based in Credit Suisse's New York offices, and the alleged wrongdoing occurred in New York. Indeed, we observed in that case that "[v]irtually every aspect of the subject matter underlying this action occurred in New York" (224 AD3d at 440).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026