■ GWENDOLINE B. BEWERS et al., Respondents, v AMERICAN HOME PRODUCTS CORPORATION et al., Appellants. SANDRA P. CLIFTON et al., Respondents, v AMERICAN HOME PRODUCTS CORPORATION et al., Appellants. SANDRA J. HOWELLS et al., Respondents, v AMERICAN HOME PRODUCTS CORPORATION et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County (Margaret Taylor, J.), entered December 7, 1982, which denied defendants' motion to dismiss the action pursuant to CPLR 327 on grounds of *forum non conveniens,* is unanimously reversed, on the law, the facts and in the exercise of discretion in the interest of justice, without costs, and defendants' motion to dismiss is granted, on the condition that within 90 days of service of the order entered hereon, defendants-appellants stipulate: (1) to waive objection to suit being brought in the United Kingdom for the relief sought in the complaints herein and to waive objection to the jurisdiction of the courts of the United Kingdom in this matter; (2) to accept the service of process in the United Kingdom; (3) to waive objection to compulsory process requiring the appearances of witnesses and production of documents and to make the same available at their own expense; (4) to consent to full faith and credit for any judgment obtained against them in the United Kingdom and to consent to pay the same; and (5) to waive any defense of limitation of time, whether statutory or otherwise, provided, however, that the suit in the United Kingdom be commenced within 90 days from the date of service of the defendants' stipulation upon counsel for the plaintiffs. In the event of defendants' failure to comply with the foregoing conditions the order of Supreme Court is affirmed, without costs. ¶ The plaintiffs, all of whom are residents of the United Kingdom, make claim for personal injuries and loss of consortium arising from the ingestion by the female plaintiffs of oral contraceptives known as Ovran and Ovranette. These products, which are available by prescription only, allegedly caused the female plaintiffs to suffer severe and permanently disabling thromboemoblic strokes during March and April of 1977. The complaints which seek to recover compensatory and punitive damages sound in negligence, breach of warranty, strict liability in tort and fraud, as well as the afore-mentioned loss of consortium. ¶ Defendant American Home Products Inc. (AHP) is a Delaware corporation with its principal place of business in New York. Defendant Wyeth Laboratories, Division of American Home Products, is not a discrete legal entity but is a part of AHP. The other defendant-appellant, Wyeth Laboratories Inc., is a wholly owned subsidiary of AHP and is a New York corporation with its principal place of business in Pennsylvania. AHP holds the appropriate licenses to the pharmaceuticals which plaintiffs allege caused their injuries. ¶ Defendants sought dismissal of plaintiffs' actions on the grounds of *forum non conveniens,* claiming that the injuries allegedly suffered by plaintiffs all occurred in the United Kingdom, that the drugs complained of were prescribed, purchased and ingested in England. Moreover, argue defendants, the pharmaceuticals were manufactured, tested, labeled, marketed and distributed in the United Kingdom by or on behalf of an English company, John Wyeth and Brother, Ltd., which holds a subsidiary license from AHP. Thus, the defendants contend, New York is an inconvenient forum and the matter should be litigated in the United Kingdom. ¶ Plaintiffs assert that defendants, while in New York, decided and undertook to promote, market, sell and distribute the drugs complained of throughout the United Kingdom, without the proper warning as to the side effects of the drugs they

knew to be dangerous. Thus, contend plaintiffs, the actionable wrong occurred in New York and not in the United Kingdom. ¶ Special Term concluded, in a thoughtful opinion, that defendants' motion should be denied for reasons of justice, fairness and convenience. We disagree. It seems quite clear that the United Kingdom would have the greater interest in determining whether pharmaceuticals which were licensed, manufactured, marketed and distributed therein were appropriately tested and labeled in that country. Such a determination should be made pursuant to that country's own regulatory scheme and in accordance with its laws. "It would, in the circumstances [of these cases], constitute an unnecessary burden on our courts to be compelled to apply foreign law, as the case demands, in our courts." (*Crown Cork & Seal Co. v Rheem Mfg. Co.*, 64 AD2d 545.) Nor do we perceive any unfairness to the plaintiffs in requiring that they prosecute these actions in the United Kingdom. Indeed, it clearly appears that all of the facts and circumstances surrounding these lawsuits, except for the alleged decision by the defendants, allegedly made in New York, to market the drugs in the United Kingdom without adequate warnings respecting known dangerous side effects, occurred in the United Kingdom. The vast majority of witnesses and documentation regarding the testing, labeling and marketing of these drugs in the United Kingdom are in England, as well as the witnesses and documentary evidence respecting the medical treatment of plaintiffs. Thus not only would continued prosecution of these cases here unduly burden our courts, it would not serve the convenience of the parties. (*Silver v Great Amer. Ins. Co.*, 29 NY2d 356.) ¶ Although not in any way critical to our decision, we note that cases brought in the Federal courts in New York and Pennsylvania and in the State courts of Pennsylvania, New Jersey, Illinois and California, by similarly situated plaintiffs, were also dismissed by those courts pursuant to the *forum non conveniens* doctrine and principles of international comity. (See, e.g., *Purser v American Home Prods. Corp.*, 80 Civ No 710, US Dist Ct, SDNY, Jan. 30, 1981, Cannella, J.; *Harrison v Wyeth Labs.*, 510 F Supp 1, affd 676 F2d 685; *Jones v Searle Labs.*, 100 Ill App 3d 165, affd 93 Ill 2d 366; *Holmes v Syntex Labs.*, Cal Super Ct, July 15, 1982, No. 425268; *Matter of British Oral Contraceptive Cases*, NJ Super Ct, Morris County, July 20, 1981, No. L-44473-78, affd NJ App Div, Dec. 23, 1982, No. A-348-81T3, cert den 93 NJ 320.) Concur — Kupferman, J. P., Sandler, Carro, Milonas and Alexander, JJ.