■ PHAT TAN NGUYEN et al., Respondents, v BANQUE INDOSUEZ et al., Defendants, and CREDIT AGRICOLE INDOSUEZ, Appellant. [797 NYS2d 89]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about November 10, 2003, which, to the extent appealed from, denied defendant Credit Agricole Indosuez's motion to dismiss the complaint on the grounds of forum non conveniens, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered on or about July 6, 2004, which, to the extent appealed from, denied Credit Agricole Indosuez's motion for summary judgment dismissing the complaint as against it, unanimously dismissed, without costs, in view of the foregoing.

Plaintiffs allege that at various times prior to April 1975, they were employed at the Saigon, Vietnam branches of Compagnie Francaise de l'Asie (CFA), formerly Banque Francaise de L'Asie, and Banque Francaise Commerciale, which is now known as BFC Holding (BFC). CFA and BFC, both of which are nonparty French banking corporations headquartered in Paris, France, are wholly owned subsidiaries of defendant-appellant Credit Agricole Indosuez (CAI), which is also a French banking corporation headquartered in Paris, France and which is sued herein as the "alter ego" of its subsidiaries. CAI, unlike CFA and BFC, has a New York branch office, making it amenable to jurisdiction in New York.

The named plaintiffs, six of seven of whom live outside of

New York, seek to recover pension and termination benefits, as well as credit union deposits, allegedly owed to them by either CFA or BFC when those entities were forced to close their operations in Saigon after the North Vietnamese army defeated South Vietnam. Plaintiffs interpose causes of action sounding in constructive trust, resulting trust, breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, fraud, conversion, and an accounting.

CAI moved to dismiss this action, under the doctrine of forum non conveniens, on the grounds that: neither CFA nor BFC has ever conducted any business in the State of New York; although CAI maintains a branch office in this state, it had no involvement in the transactions set forth in the complaint; CAI never employed any of the plaintiffs, and both CFA and BFC are separate and distinct from their parent and are not subject to jurisdiction in New York; key witnesses are citizens and residents of France, including two witnesses specifically identified by plaintiffs as material, who are no longer employees of CAI; all documents would be located in France or Vietnam, and would be written in French or Vietnamese; and CAI, CFA and BFC are all subject to jurisdiction in either Vietnam or France.

CAI also submitted an affidavit from a French lawyer who attested, inter alia, that plaintiffs would be able to maintain an action against all of the named defendants in France, where they would receive due process of law and a fair trial, and that the French courts have a strong interest in hearing this case. CAI further submitted the affidavit of a Vietnamese attorney who averred that plaintiffs might be able to bring their claims in Vietnam, subject to the constraints of the current procedural law, and that they would receive due process of law.

Plaintiffs argued that they are people of modest means and could not afford the expense of litigating in France, and that the Vietnamese legal system is corrupt. Plaintiffs further maintained that the unnamed members of their proposed and as yet uncertified class of approximately 600 former employees are "more likely" residents of the United States.

In a subsequent motion, CAI and another of its subsidiaries, Credit Agricole Indosuez North America (CAINA) moved for summary judgment dismissing the complaint as against them on the ground that, inter alia, CFA and BFC are separate corporations, and that there is absolutely no evidence that CAI used its "domination" to perpetrate a fraud or cause injury to plaintiffs.

The motion court denied CAI's forum non conveniens motion finding, inter alia, that defendant had failed to meet the heavy

burden of demonstrating that New York is an inconvenient forum. We disagree and reverse.

The common-law doctrine of forum non conveniens, codified in CPLR 327, permits a court to dismiss an action when it finds that "in the interest of substantial justice the action should be heard in another forum" (CPLR 327 [a]). The doctrine is based upon the equitable principles of justice, fairness and convenience (*Intertec Contr. A/S v Turner Steiner Intl., S.A.*, 6 AD3d 1, 4 [2004]; *Grizzle v Hertz Corp.*, 305 AD2d 311, 312 [2003]), and should be applied flexibly by the court, in its sound discretion, based upon the facts and circumstances of each particular case (*National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005, 1007 [1988], *cert denied* 489 US 1067 [1989]; *Bodea v TransNat Express, Inc.*, 286 AD2d 5, 7 [2001]). This Court, however, in reviewing the motion court's exercise of discretion, is not limited to determining whether the nisi prius court abused that discretion but may, in fact, exercise such discretion independently (*Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 175 [2004]; *Highgate Pictures v De Paul*, 153 AD2d 126, 130 [1990]).

The factors to be considered on a forum non conveniens motion include: "the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit . . . . The court may also consider that both parties to the action are nonresidents . . . and that the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction . . . . No one factor is controlling." (*Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d at 176, quoting *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]).

Moreover, New York courts "need not entertain causes of action lacking a substantial nexus with New York" (*Martin v Mieth*, 35 NY2d 414, 418 [1974]; *Bodea v TransNat Express, Inc.*, 286 AD2d at 7), and one factor which weighs in favor of dismissal on forum non conveniens grounds is the applicability of foreign law (*Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d at 178; *Bewers v American Home Prods. Corp.*, 99 AD2d 949, 950 [1984], *affd* 64 NY2d 630 [1984]).

In our view, New York's nexus to this matter not only fails to rise to the level of "substantial," but is, in fact, barely discernible. Only one of seven named plaintiffs lives in New York, and plaintiffs' claim that a large number of its proposed class of 600 "more [than] likely" reside in the United States because of its large Vietnamese population is nothing but sheer speculation.

CAI, which does have a New York office, had absolutely nothing to do with the underlying transactions and its subsidiaries and the alleged employers of plaintiffs, CFA and BFC, are both French banking corporations not subject to jurisdiction here.

Furthermore, New York's interest in the subject matter of this action is practically nonexistent as plaintiffs are claiming entitlement to benefits from French banks while employed in Vietnam. The relevant documents will be in French or Vietnamese, the majority of the witnesses are in France or Vietnam, and it will be necessary to apply either French or Vietnamese law. Moreover, France clearly has an interest in regulating its own banking institutions and plaintiffs have utterly failed to establish that France is not a suitable alternative forum.

As a result of our dismissal of this action on forum non conveniens grounds, we do not consider CAI's appeal from the motion court's order denying it summary relief on the merits. Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.