■ Steve Rabinowitz et al., Respondents, v Devereux Connecticut Glenholme et al., Appellants. [895 NYS2d 345]—

In this personal injury action, plaintiffs allege defendants' negligent supervision of plaintiff Anapaula, a special needs student at the defendant Devereux Glenholme School, located in Connecticut, who intentionally jumped out of the window of her second floor dorm room and fractured her right ankle.

The common-law doctrine of forum non conveniens, codified in CPLR 327, permits a court to stay or dismiss an action where the action, although jurisdictionally sound, would be better adjudicated elsewhere (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]; *see* CPLR 327). Among the factors to be considered are the burden on the New York courts; the potential hardship to the defendant; the availability of an alternate forum in which the plaintiff may bring suit; the residency of the parties; the forum in which the transaction from which the cause of action arose; and the extent to which the plaintiff's interests may otherwise be properly served by pursuing the claim in this state (*see Pahlavi*, 62 NY2d at 479; *Varkonyi v S.A. Empresa De Viacao Airea Rio Grandense*

*[Varig]*, 22 NY2d 333, 338 [1968]; *Phat Tan Nguyen v Banque Indosuez*, 19 AD3d 292, 294 [2005], *lv denied* 6 NY3d 703 [2006]).

Here, the motion court properly considered all relevant factors (*see Pahlavi*, 62 NY2d at 479), and concluded that New York was an appropriate forum for litigating this dispute. Both plaintiffs reside in New York, and the matter bears a substantial nexus to New York in that the New York City Board of Education funded plaintiff's residence at defendant school, located in Connecticut. While defendants claim that it would cause undue hardship to maintain the action in New York because it would be difficult to find substitutes for the witnesses who work at the school when they are testifying and because the witnesses are Connecticut residents whose personal lives would be disrupted if the trial were conducted in New York, these circumstances would exist even if the trial were conducted in Connecticut. Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.