■ HANWHA LIFE INSURANCE, Formerly Known as KOREA LIFE INSURANCE, Appellant, v UBS AG et al., Respondents. [8 NYS3d 180]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 15, 2014, which granted defendants' motion to

dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, with costs.

The motion court providently exercised its discretion in weighing the relevant factors and finding that defendants carried their burden of demonstrating that this action lacks a substantial New York nexus. The prospectus for the investment at issue was sent to plaintiff in Korea, the transaction was effected by plaintiff in Korea and defendant's employees in Hong Kong (*see Peters v Peters*, 101 AD3d 403 [1st Dept 2012]), the alleged injury to plaintiff was suffered in Korea, and that jurisdiction has an interest in adjudicating a matter involving harm to a Korean corporation; New York has no such interest (*see Phat Tan Nguyen v Banque Indosuez*, 19 AD3d 292, 295 [1st Dept 2005], *lv denied* 6 NY3d 703 [2006]). These factors outweighed the fact that defendants have a New York office and that certain documents and witnesses knowledgeable about the financial product at issue may be located in New York (*see Becker v Federal Home Loan Mtge. Corp.*, 114 AD3d 519, 520 [1st Dept 2014]; *cf. OrthoTec, LLC v Healthpoint Capital, LLC*, 84 AD3d 702 [1st Dept 2011]). The motion court correctly rejected plaintiff's contention that the gravamen of the wrongs alleged involved a certain entity (REVE) that may have been structured by defendants in New York, aptly noting that plaintiff did not purchase that entity and that the only detailed allegations in the complaint relating to that entity were of conduct in Stamford, Connecticut.

In addition, Korean law applies (*see FIMBank P.L.C. v Woori Fin. Holdings Co. Ltd.*, 104 AD3d 602 [1st Dept 2013]). Although such factor is not dispositive (*see Flame S.A. v Worldlink Intl. [Holding] Ltd.*, 107 AD3d 436, 438 [1st Dept 2013], *lv denied* 22 NY3d 855 [2013]), Korea is an adequate alternative forum, its limitations on discovery notwithstanding, particularly in light of defendants' representation that they will submit to its jurisdiction in the event of dismissal.

In view of the foregoing, it is unnecessary to address the other grounds urged for affirmance. Concur—Gonzalez, P.J., Mazzarelli, Renwick and Gische, JJ.