■ KEMPERI BAIHUA HUANI et al., Appellants, v STEVEN DONZIGER et al., Respondents, et al., Defendants. [11 NYS3d 153]—

Order, Supreme Court, New York County (Debra A. James, J.), entered September 2, 2014, which granted so much of the motion of defendants Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC, to dismiss the complaint as against them on the ground of forum non conveniens, unanimously affirmed, without costs.

The motion court providently exercised its discretion in weighing the relevant factors and finding that defendants carried their burden of demonstrating that this action lacks a substantial New York nexus (*see generally Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). Ecuador is the forum more convenient to the parties and witnesses than New York; there is no unfairness in requiring plaintiffs to prosecute their claims in Ecuador where they reside; the underlying litigation took place there; the underlying judgment, to which plaintiffs claim a proportional share, was issued there; and defendant Frente De Defensa De La Amazonia also known as Amazon Defense Front or Amazon Defense Coalition, which was directed to distribute the proceeds of the judgment, is domiciled there (*see Phat Tan Nguyen v Banque Indosuez*, 19 AD3d 292, 294-295 [1st Dept 2005], *lv denied* 6 NY3d 703 [2006]). Furthermore, plaintiffs' claims of improper conduct by defendant Donziger, a New York attorney, relate to his actions in the underlying Ecuadorian litigation and judgment.

The motion court correctly rejected plaintiffs' contention that Ecuador is not a suitable forum. In any event, New York does not require an alternate forum for a non conveniens dismissal (*see Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171,

176-178 [1st Dept 2004]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ. ▮