Primus Pac. Partners 1, LP v Goldman Sachs Group, Inc. (2021 NY Slip Op 01562)





Primus Pac. Partners 1, LP v Goldman Sachs Group, Inc.


2021 NY Slip Op 01562


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Oing, González, JJ. 


Index No. 653885/16 Appeal No. 13385 Case No. 2020-02703 

[*1]Primus Pacific Partners 1, LP, Plaintiff-Appellant,
v
Goldman Sachs Group, Inc., et al., Defendants-Respondents.


Kasowitz Benson Torres LLP, New York (Sheron Korpus of counsel), for appellant.
Sullivan & Cromwell LLP, New York (Sharon L. Nelles of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 20, 2020, which denied plaintiff's motion pursuant to CPLR 5015 to vacate the judgment, same court and Justice, entered December 22, 2017, dismissing the complaint on the ground of forum non conveniens, based on new evidence, and denied plaintiff's alternative request for leave to file an amended complaint pursuant to CPLR 3025, unanimously affirmed, with costs.
The court providently declined to provide plaintiff with relief from its prior order, ostensibly based on newly discovered evidence (Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc., 226 AD2d 102, 103 [1st Dept 1996]; Coastal Sheet Metal Corp. v RJR Mech. Inc., 85 AD3d 420, 421 [1st Dept 2011]). Plaintiff's causes of action for fraud and breach of fiduciary duty lack a substantial nexus with New York (Primus Pac. Partners 1, LP v Goldman Sachs Group, Inc., 175 AD3d 401, 402 [1st Dept 2019]), and plaintiff's newly discovered evidence does not provide such a nexus. Neither the parties to the transaction at issue, nor plaintiff, are New York corporations, and regardless of the new evidence provided by plaintiff, Malaysia continues to have a greater interest than New York in the conduct of its banks (see Hanwha Life Ins. V UBS AG, 127 AD3d 618 [1st Dept 2015], lv denied 26 NY3d 912 [2015]).
The court providently denied plaintiff's motion to amend its complaint. The proposed amended complaint contained the same causes of action as plaintiff's earlier complaint, and the factual amendments did not change the substance of those claims or create a substantial nexus with New York.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021