EPK Brand, Inc. v Leret (2021 NY Slip Op 03374)





EPK Brand, Inc. v Leret


2021 NY Slip Op 03374


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Kern, Oing, Shulman, JJ. 


Index No. 655265/18E Appeal No. 13940-13941-13941A Case No. 2020-02453 2020-02468 2020-04853 

[*1]EPK Brand, Inc., a Delaware Corporation, Plaintiff, EPK Kids Smart S.A.S., a Foreign Corporation, Plaintiff-Appellant,
v
Patrick Roger Leret et al., Defendants-Respondents.


Saul Ewing Arnstein & Lehr LLP, New York (Ruth A. Rauls and Hilda Piloto of the bar of the State of Florida, admitted pro hac vice, of counsel), for appellant.
Cohen & Gresser LLP, New York (S. Gale Dick and Marvin Lowenthal of counsel), for respondents.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 4, 2020, dismissing the complaint based on forum non conveniens, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about March 5, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court did not improvidently exercise its discretion in dismissing the complaint on forum non conveniens grounds. The factors considered by Supreme Court were the burden on New York courts, the need to translate documents, the need for interpretation of foreign law, and the existence of prior proceedings and the location of witnesses and documents in Colombia. Moreover, the court dismissed the action pursuant to proper conditions (see Bewers v American Home Prods. Corp., 99 AD2d 949 [1st Dept 1984], affd 64 NY2d 630 [1984]) which allows plaintiff to file its suit in Colombia with minimal practical and legal disruption.
Plaintiff's causes of action for fraud, tortious interference, and conspiracy lack a substantial nexus with New York (see e.g. Bluewaters Communications Holdings, LLC v Ecclestone, 122 AD3d 426, 428 [1st Dept 2014]). Plaintiff is a Colombian corporation, not a New York resident (cf. Bacon v Nygard, 160 AD3d 565, 566 [1st Dept 2018]). The alleged injury to plaintiff was suffered in Colombia, and that jurisdiction has an interest in adjudicating a matter involving harm to a Colombian corporation, an interest which New York lacks (Hanwha Life Ins. v UBS AG, 127 AD3d 618, 619 [1st Dept 2015]). Colombian law applies as well, and while not dispositive, Colombia is an alternative forum, and defendants have already consented to jurisdiction there (id.). In addition, the receipt of funds in New York by certain defendants does not create a sufficient nexus to New York, or implicate New York's interest in its banking system (Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co., 23 NY3d 129, 137 [2014]; A & M Exports v Meridien Intl. Bank, 207 AD2d 741 [1st Dept 1994]).
Furthermore, the court properly addressed the forum non conveniens issue without first determining the issue of personal jurisdiction over all defendants, given the burdensome inquiry involved in determining personal jurisdiction under these circumstances, and the balance of the forum non conveniens considerations (Primus
Pac. Partners 1, LP v Goldman Sachs Group, Inc., 175 AD3d 401 [1st Dept 2019]; see also Sinochem Intl. Co. v Malaysia Intl. Shipping Corp., 549 US 422, 423 [2007]).
We have considered the parties' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021