Barzilai v Israel Museum (2024 NY Slip Op 01669)

Barzilai v Israel Museum

2024 NY Slip Op 01669

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 153086/22 Appeal No. 1871 Case No. 2022-05442 

[*1]Eli Barzilai et al., Appellants,
v
Israel Museum, Respondent.

Bienstock PLLC, New York (Martin Bienstock of counsel), and E. Landau Law Offices, Jerusalem, IS (Meir Heller and Caryn Abelow of the bar of the State of Israel, admitted pro hac vice, of counsel), for appellants.
Weil, Gotshal & Manges, LLP, New York (Yehudah L. Buchweitz of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered November 14, 2022, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
This action was properly dismissed pursuant to the doctrine of forum non conveniens (see generally Phat Tan Nguyen v Banque Indosuez, 19 AD3d 292, 294 [1st Dept 2005], lv denied 6 NY3d 703 [2006]). All of the parties reside outside New York and almost all of them (including most of the plaintiffs) reside outside the country; the central tortious acts occurred outside New York; all relevant documents and witnesses, including defendant's staff are outside New York; foreign law may need to be applied; and Israel has a substantial interest in this dispute, especially given defendant's strong ties to various Israeli government entities and other institutions (see Metz v Davis Polk & Wardwell, 133 AD3d 501 [1st Dept 2015], lv denied 26 NY3d 919 [2016]; Phat Tan Nguyen, 19 AD3d at 294-295). The fact that Israel may not be an available alternative forum for the replevin and conversion claims because of the expiration of the relevant Israeli statute of limitations is not dispositive (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 480-481 [1984], cert denied 469 US 1108 [1985]; Flame S.A. v Worldlink Intl. [Holding] Ltd., 107 AD3d 436, 438 [1st Dept 2013], lv denied 22 NY3d 855 [2013]) — especially where, as here, "the New York connection to the litigation is minimal" (Finance & Trading Ltd. v Rhodia S.A., 28 AD3d 346, 347 [1st Dept 2006], lv denied 7 NY3d 706 [2006]).
In view of our disposition of this issue, we need not reach the parties' remaining arguments (see Estate of Kainer v UBS AG, 37 NY3d 460 [2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024