USA Sevens LLC v World Rugby Ltd. (2021 NY Slip Op 01223)





USA Sevens LLC v World Rugby Ltd.


2021 NY Slip Op 01223


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 651937/19 Appeal No. 13228 Case No. 2019-04995 

[*1]USA Sevens LLC et al., Plaintiffs-Appellants,
v
World Rugby Limited et al., Defendants-Respondents, United States of America Rugby Football Union, Defendant.


Fishkin Lucks LLP, New York (S. Aaron Loterstein of counsel), for appellants.
Sheppard, Mullin, Richter & Hampton LLP, New York (Rena Andoh of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 10, 2019, which granted defendants World Rugby Limited and World Rugby Tournaments Limited's (together, World Rugby) motion to dismiss the complaint as against them pursuant to CPLR 3211(a)(8), unanimously affirmed, with costs.
Plaintiffs' contention that World Rugby is subject to New York jurisdiction because it is the alter ego of former defendant United States of America Rugby Football Union (USA Rugby), which was subject to this state's jurisdiction is unavailing. USA Rugby is no longer a defendant in the action because it filed for bankruptcy protection and plaintiffs released it pursuant to a settlement approved by the bankruptcy court. Thus, plaintiff may not continue claims against World Rugby based on a theory that World Rugby is the alter ego of necessary, nonparty US Rugby (see generally Mannucci v Missionary Sisters of the Sacred Heart of Jesus, 94 AD3d 471, 472 [1st Dept 2012]).
Plaintiffs' contention that World Rugby is subject to jurisdiction pursuant to CPLR 302(a)(3)(ii) is likewise unavailing because plaintiffs did not plead that New York is the situs of the alleged commercial injury they sustained (see e.g. Deutsche Bank AG v Vik, 163 AD3d 414, 415 [1st Dept 2018] ["the situs of commercial injury is where the original critical events associated with the action or dispute took place, not where any financial loss or damages occurred" (internal quotation marks omitted)]). Instead, plaintiffs allege World Rugby made fraudulent statements and procured USA Rugby's breach of its contract with USA Sevens LLC in Ireland. Thus, the original critical events did not occur in New York, and the fact that plaintiffs may have suffered economic loss in New York is an insufficient basis upon which to base personal jurisdiction.
Plaintiffs also contend that World Rugby is subject to jurisdiction pursuant to CPLR 302(a)(1). Plaintiffs — which have their principal place of business within the state — argue that World Rugby transacted business in New York by engaging in a 13-year relationship with them and by negotiating the 2014 Host Union Agreement in New York. However, plaintiffs fail to allege a sufficient nexus between the parties' broad, overall relationship and plaintiffs' specific claims in this suit (see generally McGowan v Smith, 52 NY2d 268, 270, 272 [1981]).
Plaintiffs allege that, in August 2014, a representative of World Rugby came to New York at plaintiffs' request for preliminary negotiations. This meeting, which did not result in an agreement between the parties, did not constitute the transaction of business sufficient to confer long-arm jurisdiction over defendants (see e.g. Paterno v Laser Spine Inst., 24 NY3d 370, 377-379 [2014]; Juron & Minzner v Dranoff & Patrizio, 194 AD2d 402 [1st Dept 1993]).
As to the overall relationship, while the president of plaintiff United World Sports LLC submitted an affidavit that he regularly communicated with World [*2]Rugby by phone and email and in person, he did not tie these communications to plaintiffs' claims (see SunLight Gen. Capital LLC v CJS Invs. Inc., 114 AD3d 521, 522 [1st Dept 2014]). Nor does World Rugby's sending of payments to New York satisfy CPLR 302(a)(1) (Magwitch, L.L.C. v Pusser's Inc., 84 AD3d 529, 531 [1st Dept 2011], lv denied 18 NY3d 803 [2012]).
Finally, plaintiffs contend that, at a minimum, they are entitled to jurisdictional discovery. However, they did not raise this issue until oral argument before the motion court and defendants did not have the opportunity properly to respond to the request. Even if we were to consider plaintiffs' late argument in the interest of justice (see Cotia [USA] Ltd. v Lynn Steel Corp., 134 AD3d 483, 485 [1st Dept 2015]), we would find it unavailing. At oral argument, plaintiffs' counsel limited his need for discovery to alter ego jurisdiction. As noted earlier, there is no basis for alter ego jurisdiction, because USA Rugby (the alleged alter ego that is subject to New York jurisdiction) is no longer a defendant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021