Quad Capital Portfolio A LLC v AbbVie Inc. (2022 NY Slip Op 00065)





Quad Capital Portfolio A LLC v AbbVie Inc.


2022 NY Slip Op 00065


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 652432/20 Appeal No. 14988 Case No. 2020-04920 

[*1]Quad Capital Portfolio A LLC et al., Plaintiffs-Appellants,
v
AbbVie Inc., Defendant-Respondent.


Glancy Prongay & Murray LLP, New York (Garth Spencer of counsel), for appellants.
Goldman Ismail Tomaselli Brennan & Baum LLP, Chicago, IL (Andrew Rima of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered November 20, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
The complaint was correctly dismissed for lack of personal jurisdiction over defendant. Personal jurisdiction cannot be obtained pursuant to CPLR 302(a)(1), because there is an insufficient relationship between defendant's activities within the state, which include the negotiation, promotion, and execution of a merger agreement with nonparty Shire plc, the retention of New York bankers and lawyers to assist with those activities, and the selection of New York law or forums in several related agreements, and plaintiffs' fraudulent misrepresentation and concealment claims, which concern public statements that were made outside New York about defendant's reasons for pursuing the Shire merger (see SPCA of Upstate N.Y., Inc. v American Working Collie Assn., 18 NY3d 400, 404-405 [2012]; Copp v Ramirez, 62 AD3d 23, 29-30 [1st Dept 2009], lv denied 12 NY3d 711 [2009]) and do not concern the merger agreement itself (see Pichardo v Zayas, 122 AD3d 699, 701 [2d Dept 2014], lv denied 26 NY3d 905 [2015]).
Personal jurisdiction could also not be established pursuant to CPLR 302(a)(3), because, "[i]n the context of a commercial tort, where the damage is solely economic, the situs of commercial injury is where the original critical events associated with the action or dispute took place, not where any financial loss or damages occurred" (CRT Invs., Ltd. v BDO Seidman, LLP, 85 AD3d 470, 471-472 [1st Dept 2011]). The "original critical events" were the making of the misrepresentations at issue (in Illinois), not the purchase of shares in reliance thereon (in New York).
Because we find no basis for jurisdiction under New York's long-arm statute, we need not reach plaintiffs' arguments with respect to due process, res judicata, or the first-in-time rule.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022