Black v Phoenix Cayman Ltd. (2024 NY Slip Op 00797)

Black v Phoenix Cayman Ltd.

2024 NY Slip Op 00797

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 652460/20 Appeal No. 1655 Case No. 2022-04784 

[*1]Andrew Black, et al., Plaintiffs-Appellants,
v
Phoenix Cayman Ltd., et al., Defendants-Respondents.

The Law Office of Rachael Kierych, New York (Rachael Kierych of counsel), for appellants.
Morvillo Abramowitz Grand Iason Anello PC, New York (Christopher Harwood of counsel), for respondents.

Order, Supreme Court, New York County (Barry Ostrager, J.), entered July 28, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Raja Visweswaran's motion to dismiss the complaint as against him, unanimously affirmed, without costs.
Plaintiffs assert that the court has specific jurisdiction over defendant Visweswaran, a resident of the United Kingdom, pursuant to CPLR 302(a)(1), based on his transaction of business in New York. Pursuant to CPLR 302(a)(1), a New York court may exercise personal jurisdiction over a nondomiciliary if he has purposefully transacted business within the state, and there is "a substantial relationship between the transaction and the claim asserted" (Paterno v Laser Spine Inst., 24 NY3d 370, 376 [2014] [internal quotation marks omitted]). The court properly found that, after engaging in jurisdictional discovery, plaintiffs were unable to meet their burden of demonstrating long-arm jurisdiction over Visweswaran (see Fischbarg v Doucet, 9 NY3d 375 [2007]). Jurisdiction cannot be based on the fact that Visweswaran was a director of New York corporate and partnership entities involved (see Pramer S.C.A. v Abaplus Intl.. Corp., 76 AD3d 89, 95 [1st Dept 2010]; SNS Bank v Citibank, 7 AD3d 352, 354 [1st Dept 2004]). Plaintiffs did not show that the sporadic emails between Visweswaran and his colleagues, who were based in New York, and his few meetings in New York before plaintiffs invested in the partnership, constituted a transaction of business with plaintiffs in New York or were substantially related to the claims of fraud in the inducement of plaintiffs' investment and subsequent alleged waste and mismanagement of partnership assets (see Quad Capital Portfolio A LLC v AbbVie Inc., 201 AD3d 449, 449-450 [1st Dept 2022]; CDR Creances S.A.S. v First Hotels & Resorts Invs., Inc., 140 AD3d 558, 562 [1st Dept 2016]).
Plaintiffs also rely on forum selection clauses in the agreements. However, Visweswaran was not a party to or otherwise bound by those agreements. Moreover, the agreement that provides for jurisdiction in federal court in New York does not confer jurisdiction on the State Supreme Court (see Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s., 243 AD2d 1, 5 [1st Dept 1998]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024