| |
|---|
| **JMRNNY Doe v Opus Dei** |
| 2024 NY Slip Op 31999(U) |
| June 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 951154/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. HASA A. KINGO</u>       PART         **5M**

*Justice*

-----------------------------------------------------------------------------X

JMRNNY DOE,

Plaintiff,

- v -

OPUS DEI, OAKCREST SCHOOL, C. JOHN MCCLOSKEY

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>951154/2021</u> |
| **MOTION DATE** | <u>11/16/2021</u> |
| **MOTION SEQ. NO.** | <u>003</u> |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 003) 28, 29, 30, 31, 32, 34, 36, 38, 46, 47, 48, 49, 50, 51, 53, 55, 56, 58, 60, 61

were read on this motion for      <u>              DISMISSAL             </u>.

With the instant motion Defendants The Prelature of the Holy Cross and Opus Dei in the United States ("Opus Dei") ("Opus Dei") and C. John McCloskey ("McCloskey") (together, "Defendants") move, pursuant to CPLR § 3211(a)(7)-(8), to dismiss Plaintiff JMRNNY DOE's ("Plaintiff") complaint as against them on grounds that the court has no jurisdiction over McCloskey and Plaintiff has failed to plead viable claims for punitive damages against Opus Dei. Plaintiff opposes the motion. For the reasons discussed herein, the motion is denied.

## BACKGROUND AND ARGUMENTS

Plaintiff alleges that she endured sexual abuse by Defendant, John McCloskey ("McCloskey"), while attending Oakcrest in 2003, at which time she was approximately eight years old. Plaintiff further asserts that in 2002, McCloskey assaulted other women, including her mother. According to Plaintiff, her mother lodged complaints with Defendants concerning McCloskey's conduct. Despite these complaints, Plaintiff claims that Defendants failed to take measures to prevent McCloskey from engaging in further misconduct and instead placed him in a school environment.

Plaintiff further recounts learning of another incident in 2002 wherein McCloskey abused another student. She contends that Defendants possessed knowledge of McCloskey's proclivity for sexually abusing students dating back to the 1980s. Plaintiff argues that had Defendants Opus Dei and Oakcrest undertaken appropriate actions following the 2002 incidents of abuse, she would not have suffered while attending Oakcrest. Consequently, Plaintiff maintains that in addition to McClosky himself, Defendants Opus Dei and Oakcrest bear liability for McCloskey's actions.

In support of the instant motion, Defendants contend that Plaintiff fails to establish any basis for jurisdiction over McCloskey. Defendants emphasize that Plaintiff concedes that

**951154/2021   DOE, JMRNNY vs. OPUS DEI ET AL**
**Motion No.  003**

**Page 1 of 6**

McCloskey does not reside in New York and does not allege that McCloskey transacts business or is otherwise "at home" in New York. Consequently, Defendants argue that Plaintiff fails to demonstrate that this court has general jurisdiction over McCloskey.

Defendants further argue that the complaint does not support a finding of specific jurisdiction over McCloskey. Indeed, Defendants contend that Plaintiff does not allege that McCloskey transacts business in New York, has consented to jurisdiction in New York, owns property in New York, has committed a tortious act in New York, or has committed a tortious act outside of New York that has caused injury to Plaintiff in New York. Defendants underscore that Plaintiff alleges the incident in question occurred in Virginia.

Accordingly, Defendants assert that this court lacks jurisdiction over McCloskey and submit that the Verified Complaint must be dismissed in its entirety pursuant to CPLR § 3211(a)(8).

Likewise, Defendants contend that because Plaintiff's negligence-based claims against Opus Dei (Counts 1, 3, 5 and 7 of the Verified Complaint) fail to allege that Opus Dei engaged in the type of intentional, evil, malicious and reprehensible conduct that is necessary to sustain a claim for punitive damages under New York law, this category of damages should be dismissed pursuant to CPLR § 3211(a)(7).

In opposition, Plaintiff contends that this court retains both general and specific jurisdiction over McCloskey for two primary reasons. First, Plaintiff asserts that McCloskey is a former (and potential) New York domiciliary. Second, Plaintiff argues that McCloskey acted as an agent, servant, and/or employee of Defendant Opus Dei, an entity "at home" in New York, and engaged in systematic conduct within New York that directly led to the abuse central to this case.

Plaintiff further asserts that Defendant Opus Dei assumed liability for McCloskey's tortious acts by learning of McCloskey's propensity to abuse minors, failing to report, stop, or prevent McCloskey's actions, and subsequently allowing McCloskey to interact with students at Oakcrest, where Plaintiff was sexually abused. Moreover, Plaintiff states that when service on McCloskey was attempted at the Catholic Center in Illinois, the process server was informed that McCloskey now resides in New York. Plaintiff contends that McCloskey has likely returned to his former residence in Manhattan or New Rochelle.

Thus, Plaintiff argues there is no basis for McCloskey's motion to dismiss. Additionally, Plaintiff asserts that, in cases where the court cannot conclusively rule as a matter of law that a plaintiff has failed to present a prima facie case for punitive damages, dismissal of such a claim is discouraged.

## DISCUSSION

In 2019, New York State enacted the Child Victims Act which, *inter alia*, (1) extended the statute of limitations on criminal cases involving certain sex offenses against children under 18 (CPL § 30.10 [f]); (2) extended the time which civil actions based upon such criminal conduct may be brought until the child victim reaches 55 years old (*see* CPLR § 208[b]); and (3) opened a one

**951154/2021   DOE, JMRNNY vs. OPUS DEI ET AL**
**Motion No.  003**

**Page 2 of 6**

– year window reviving civil actions for which the statute of limitations has already run (even in cases that were litigated and dismissed on limitations grounds), commencing six months after the effective date of the measure, i.e. August 14, 2019 (*see* CPLR § 214-g).

"On a motion to dismiss pursuant to CPLR § 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*see Leon v. Martinez*, 84 NY2d 83 [1994]).

Pursuant to CPLR § 3211(a)(8), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that ... the court has no jurisdiction of the person of the defendant."

The court can exercise either general or specific jurisdiction over a defendant (*see* CPLR §§ 301, 302). General jurisdiction occurs when a defendant is present in New York, either by virtue of being headquartered in the state or maintaining a principal place of business in the state (*see Magdalena v. Lins*, 123 AD3d 600, 601 [1st Dept 2014]). New York courts can exercise general jurisdiction over subsidiaries, and vice versa, if several factors demonstrate near identical ownership interests between the parent and subsidiary, including financial dependence, interference in the selection and assignment of the subsidiary's executive personnel, and the degree of control exercised by the parent over the subsidiary (*see Goel v. Ramachandran*, 111 AD3d 783 [2d Dept 2013]).

New York's long-arm statute, CPLR § 302, provides that a court may exercise personal jurisdiction over a non-domiciliary. Indeed, a court can exert specific personal jurisdiction over a defendant corporation or entity if the court finds that any of the executives of that entity have contacts with the State of New York (*see FIA Leveraged Fund Ltd. v. Grant Thornton, LLP*, 150 AD3d 492, 493 [1st Dept 2017]). The Court of Appeals has repeatedly recognized that CPLR § 302(a)(1) "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction" *Kreutter v. McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]). In addition to the 'single act,' personal jurisdiction attaches where: (1) 'the defendant's activities here were purposeful;' and (2) there is a substantial relationship between the transaction and the claim asserted."

In addition, on a motion to dismiss brought under CPLR § 3211 (a)(7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (*see JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*Cortlandt Street Recovery Corp. v Bonderman*, 31 NY3d 30, 38 [2018]).

**951154/2021   DOE, JMRNNY vs. OPUS DEI ET AL**                                                    **Page 3 of 6**
**Motion No.  003**

3 of 6

Finally, "To recover punitive damages, a plaintiff must show, by clear, unequivocal and convincing evidence, egregious and willful conduct that is morally culpable, or is actuated by evil and reprehensible motives" (*Munoz v Puretz*, 301 AD2d 382, 384 [1st Dept 2003]). It is well established that "[w]hether to award punitive damages in a particular case, as well as the amount of such damages, if any, are primarily questions which reside in the sound discretion of the original trier of the facts" (*Swersky v. Dreyer and Traub*, 219 AD2d 321, 328 [1st Dept 1996]). Punitive damages are available in sexual assault cases (*see, e.g., Laurie Marie M. v. Jeffrey T.M.*, 159 AD2d 52, 59-60 [2d Dept 1990], *aff'd* 77 NY2d 981 [1991]). Generally, the determination as to whether punitive damages are appropriate must await trial (*id.*).

### *Jurisdiction*

Here, the Court finds that McCloskey's argument asserting this court's lack of jurisdiction over him is unsupported by the weight of the evidence. Notably, nowhere in McCloskey's motion to dismiss does he state his current location. Therefore, McCloskey has not and cannot establish that this court lacks jurisdiction over him without disclosing his current residence. McCloskey has previously resided in New York, and based on the information presently available to the court, he may still reside in New York, as evidenced by unsuccessful attempts to serve him in Washington, D.C., and Chicago. Indeed, an employee at the Catholic Center, where McCloskey used to reside, indicated that McCloskey had moved back to New York. Consequently, since McCloskey appears to have been present in New York at the time defense counsel agreed to accept service on his behalf, he is subject to this Court's jurisdiction.

Additionally, the complaint and the available documentary evidence, even without the benefit of discovery, demonstrate that McCloskey is "at home" in New York. McCloskey is alleged to be an agent, servant, and/or employee of Defendant Opus Dei, which is headquartered at 139 East 34th Street, New York, New York (*see* Compl., ¶¶ 13, 19). As an employee of Defendant Opus Dei, who conducted business within the State of New York, including the transaction that facilitated his transfer to Oakcrest where he allegedly abused the Plaintiff, McCloskey is subject to the jurisdiction of this Court (*see Kreutter v. McFadden Oil Corp.*, 71 NY2d 460, 466 [1988]).

Furthermore, McCloskey was domiciled in New York from at least 1997 to 2003, residing at 330 Riverside Drive, New York, New York 10025, and/or 117 Overlook Circle, New Rochelle, New York 10804. McCloskey was domiciled in New York when he allegedly abused another individual, when Defendants Opus Dei and Oakcrest became aware of this abuse, and when the arrangements were made for McCloskey to go to Oakcrest. His status as a New York domiciliary during the time of these alleged tortious acts, coupled with his role in said acts, subjects him to this Court's jurisdiction.

Moreover, as alleged in the complaint and demonstrated by the documentary evidence, McCloskey engaged in specific, continuous, and systematic transactions that subject him to long-arm jurisdiction under CPLR § 302(a)(1). The complaint alleges that McCloskey was a member of Opus Dei in New York when he first began sexually abusing others (*see* Compl., ¶¶ 24–26). As an employee of Opus Dei and a New York resident at the time, Plaintiff alleges that McCloskey engaged in systemic conduct within the state during the relevant period, 2002 and 2003. Importantly, Plaintiff alleges that McCloskey participated in the transaction between Opus Dei and Oakcrest that led him to travel to New York and subsequently to Oakcrest, where the alleged abuse

**951154/2021   DOE, JMRNNY vs. OPUS DEI ET AL**
**Motion No.  003**

**Page 4 of 6**

continued. Defendants cannot argue that McCloskey, as their employee, had no role in the transaction and arrangement that facilitated his transfer to Oakcrest. This transaction, and the alleged negligence underlying it, is central to the tortious conduct in this case; conduct that originated in New York and extended to Oakcrest's campus (*see* CPLR § 302[a][1]; *see also Lancaster v. Colonial Motor Freight Line, Inc.*, 177 AD2d 152, 157 [1st Dept 1992]).

At the very least, the information presented should permit Plaintiff to obtain discovery to ascertain the full extent of McCloskey's role within Opus Dei and within New York State at the time of the events alleged in the complaint, warranting a denial of McCloskey's motion to dismiss at this early stage in the proceedings (*see USA Sevens LLC v. World Rugby Limited*, 191 AD3d 620 [1st Dept 2021]). Although the precise nature of these negotiations, communications, and other contacts is currently unknown, the complaint presents sufficient facts to demonstrate that this court has personal jurisdiction over McCloskey (*see James v. iFinex Inc.*, 185 AD3d 22, 29 [1st Dept 2020]).

Plaintiff has made an adequate showing to warrant discovery regarding the connections McCloskey had with his employer, Opus Dei, particularly concerning the transaction, arrangement, or business decision that facilitated McCloskey's transfer to Oakcrest's campus.

The contacts between McCloskey and New York, as alleged in the complaint, are neither random, fortuitous, nor attenuated. Rather, as alleged, McCloskey is alleged to have undertaken purposeful and necessary actions within New York State, which were integral to the tortious conduct that led to the Plaintiff's abuse. Plaintiff has clearly made a prima facie showing of personal jurisdiction, as the facts relevant to this determination are often exclusively within the control of the opposing party and will only be uncovered during discovery (*see James v. iFinex Inc.*, 185 AD3d at 30, *supra*).

Accordingly, the motion to dismiss pursuant to CPLR § 3211(a)(8) is denied.

### Punitive Damages

Here, Plaintiff has sufficiently pleaded facts to sustain a claim for punitive damages against defendant Opus Dei. The complaint alleges that Defendant Opus Dei possessed knowledge of defendant McCloskey's propensity to sexually abuse others (*see* Compl. at ¶ 24). Indeed, the complaint alleges that Defendant Opus Dei possessed said knowledge as early as 2002, yet chose to not report the abuse, or punish, suspend, terminate, or take any other action against defendant McCloskey (*id.*). Plaintiff further alleges that because of the willful decision to not do anything about McCloskey, Defendant Opus Dei compounded the tortious conduct by working with Defendant Oakcrest to send McCloskey to the school where he sexually abused Plaintiff (*id.* at ¶ 25). As the complaint alleges, Defendant Opus Dei knew about McCloskey's propensity to abuse minors for at least a full year, decided to take no action, and allowed McCloskey to abuse others (*id.* at ¶ 26).

The dismissal of a punitive damages claim is premature where, as here, the party opposing the motion has not had an adequate opportunity to conduct discovery into issues within the knowledge of the moving party (*Marsh v. Arnot Ogden Medical Center*, 91 AD3d 1070, 1072 [3d

**951154/2021  DOE, JMRNNY vs. OPUS DEI ET AL**
**Motion No.  003**

**Page 5 of 6**

5 of 6

Dept 2012]). In this case, the parties have not yet engaged in discovery, and defendants possess all records and knowledge pertinent to this issue. The court further notes that the determination of whether punitive damages are appropriate generally must await trial. The allegations made by Plaintiff in the complaint are sufficient to support such relief. Conversely, the arguments Defendants present in their moving papers may, if proven at trial, justify a finding that punitive damages are not warranted in this action. Given the numerous disputed issues of fact, the court finds it would be premature to dismiss Plaintiff's claim for punitive damages as a matter of law.

Accordingly, it is hereby

ORDERED that the instant motion is denied in its entirety.

This constitutes the decision and order of the court.

6/10/2024
DATE

HASA A. KINGO, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**951154/2021   DOE, JMRNNY vs. OPUS DEI ET AL**
**Motion No.  003**

Page 6 of 6

[* 6]