Murray v Stone (2024 NY Slip Op 04611)

Murray v Stone

2024 NY Slip Op 04611

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 157220/21 Appeal No. 2641-2642 Case No. 2023-04404 2023-05603 

[*1]Angus Murray et al., Plaintiffs-Appellants,
v
Jason Stone et al., Defendants-Respondents. 

Zukerman Gore Brandeis & Crossman, LLP, New York (Frank C. Welzer of counsel), for appellants.
Blank Rome LLP, New York (Mara B. Levin of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 25, 2023, dismissing the complaint, unanimously affirmed, with costs. Appeal from supplemental order, same court and Justice, entered on or about August 14, 2023, which granted defendants' motion to dismiss the complaint for lack of personal jurisdiction, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
New York does not have personal jurisdiction over defendants under CPLR 302(a)(3)(ii). In the context of a commercial tort, where the damage is solely economic, the situs of a commercial injury is where the original critical events associated with the action or dispute took place, not where any financial loss or damages occurred (see Paterno v Laser Spine Inst., 112 AD3d 34, 44 [2d Dept 2013], affd 24 NY3d 330 [2014]; see also Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 83 [1st Dept 2024]; Deutsche Bank AG v Vik, 163 AD3d 414, 416 [1st Dept 2018]). The original critical events in this case were the alleged misrepresentations involving falsification of measurements, which occurred outside the United States, not the purported loss generated by reliance on the alleged misrepresentations (see Quad Capital Portfolio A LLC v AbbVie Inc., 201 AD3d 449, 450 [1st Dept 2022]). Thus, even assuming that the alleged misrepresentations caused plaintiffs to suffer economic loss in New York, that alone does not provide a sufficient basis for personal jurisdiction in this state (see USA Sevens LLC v World Rugby Ltd., 191 AD3d 620, 620-621 [1st Dept 2021]). Bangladesh Bank, upon which plaintiffs place much reliance, does not compel the result they seek, as we made clear in that case that the original critical events took place in New York. In Bangladesh Bank, we found that hackers sent payment orders directing the transfer of nearly $1 billion from plaintiff's accountat the Federal Reserve Bank of New York (NY Fed)(Bangladesh Bank, 226 AD3d at 64). Thus, we found, "the original . . . situs of plaintiff's alleged injury was fulfilling the fraudulent payment orders in New York. That is, the very act of stealing the funds from plaintiff's NY Fed account and transferring them to the . . . correspondent accounts in New York is the injury" (id. at 84 [emphasis added]).
In light of plaintiffs' failure to satisfy the main prong of CPLR 302(a)(3), we need not reach whether they satisfied the additional requirements of subsection (ii) or whether the exercise of jurisdiction over defendants would comport with due process
(see Williams v Beemiller, Inc., 33 NY3d 523, 528 [2019]). Furthermore, plaintiffs failed to make a sufficient showing to warrant jurisdictional discovery (see e.g. IMAX Corp. v Essel Group, 154 AD3d 464, 465 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024